HING WAH TAI & Co. *v.* UNITED STATES (No. 4561)[1]

United States Court of Customs and Patent Appeals, January 27, 1948

*Lawrence, Tuttle & Harper* (*Lawrence A. Harper* and *George R. Tuttle* of counsel) for appellant.

*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks* and *Harold L. Grossman*, special attorneys, of counsel), for the United States.

[Oral argument December 2, 1947, by Mr. George R. Tuttle and Mr. Weeks]

Before Garrett, Presiding Judge, and Hatfield, Jackson, and O'Connell, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, C. D. 1022, holding certain merchandise used

[1] C. A. D. 379.

only by the Chinese and composed of oyster juice in combination with other substances, dutiable as such at 8 cents per pound under paragraph 721 (e) of the Tariff Act of 1930, as assessed by the collector at the port of San Francisco, rather than as shellfish sauce, free of duty under paragraph 1761 of that act, as claimed by the importer.

The paragraphs in question read:

721 (e). Oysters, oyster juice, or either in combination with other substances, packed in air-tight containers, 8 cents per pound, including weight of immediate container.

1761. Shrimps, lobsters, and other shellfish, fresh or frozen (whether or not packed in ice), or prepared or preserved in any manner (including pastes and sauces), and not specially provided for.

It appears from the record that the involved merchandise is oyster juice containing various proportions of sugar, salt, and hydrolyzed proteins, and the question presented is whether it is dutiable under paragraph 721 (e) of the Tariff Act of 1930 as oyster juice in combination with other substances, or whether it is free of duty as shellfish sauce under paragraph 1761 of that act. Similar merchandise was before us, so far as we can tell from the record, in the case of *Shun Yuen Hing & Co. et al.* v. *United States*, 23 C. C. P. A. (Customs) 316, T. D. 48178, where it was held, Bland, Judge, dissenting, that the merchandise was dutiable under paragraph 721 (e) of the Tariff Act of 1930; and similar merchandise in the case of *Wo Kee & Co., Kwong Cheung Lung & Co.* v. *United States*, 28 C. C. P. A. (Customs) 272, C. A. D. 154, was held dutiable under paragraph 721 (e), *supra*, on the authority of the case of *Shun Yuen Hing & Co. et al.* v. *United States, supra.*

In the instant case appellant attempted to establish, by evidence of commercial designation, that the merchandise was dutiable as shellfish sauce.

The trial court, in a well considered opinion, held that appellant had failed to prove by commercial designation that the merchandise was free of duty as shellfish sauce under paragraph 1761 of the Tariff Act of 1930, and that it was not dutiable under paragraph 721 (e) of that act, as oyster juice in combination with other substances.

We are in accord with the decision and judgment of the trial court.

The sole issue here, as we understand the argument of counsel for appellant, is whether it has been established by a preponderance of the evidence that the merchandise involved is dealt in and known definitely, uniformly, and generally throughout the United States as shellfish sauce.

It is obvious from the record that the merchandise here involved is within the common meaning of the tariff term "oyster juice * * * in combination with other substances," so that the issue presented is whether the evidence of record establishes that although the mer-

chandise is within the common meaning of the provisions for oyster juice in combination with other substances, as held in the cases of *Shun Yuen Hing & Co. et al.* v. *United States, supra,* and *Wo Kee & Co., Kwong Cheung Lung & Co.* v. *United States, supra,* it has been established by evidence of commercial designation that it is excluded from paragraph 721(e) of the Tariff Act of 1930, and is provided for in paragraph 1761 of that act.

In the cases of *Shun Yuen Hing & Co. et al.* v. *United States, supra,* and *Wo Kee & Co., Kwong Cheung Lung & Co.* v. *United States, supra,* we held that the merchandise there involved was invoiced as "oyster sauce" and that it was oyster juice in combination with other substances and more specifically provided for in paragraph 721(e) than as shellfish sauce provided for in paragraph 1761.

There is nothing in this record to establish that *shellfish,* other than *oyster shellfish,* was used in the preparation of the merchandise here involved.

Regarding commercial designation, counsel for appellant relies upon the testimony of Alexander Paladini, a fish dealer who bought and sold oysters and oyster juice in New York, Connecticut, Chesapeake Bay, New Orleans, and the Pacific coast. He did not sell either of those products in the Rocky Mountain States. He stated that the involved merchandise did not come within the terms of "oysters" or "oyster juice," and that he had never heard of either oysters or oyster juice being used as a sauce. He did not state, however, that oyster juice in combination with other substances was not used as a sauce, nor did he state that the merchandise here involved is oyster juice combined with shellfish other than oysters. Furthermore, the witness did not state that the involved merchandise had been dealt in and known throughout the United States at or immediately prior to the enactment of the Tariff Act of 1930, definitely, uniformly, and generally, as shellfish sauce other than oyster sauce. The most that the witness testified to was that the involved merchandise was not oysters or oyster juice.

It is obvious, as stated by the trial court, that paragraph 721 (e) is not limited to oysters or oyster juice.

The trial court in the instant case quoted the following from its decision in the case of *Wo Kee & Co., Kwong Cheung Lung & Co.* v. *United States,* 4 Cust. Ct. 8, C. D. 269, which we quoted with approval in our decision in the case of *Wo Kee & Co., Kwong Cheung Lung & Co.* v. *United States, supra:*

* * * We feel that a sauce so manufactured, even where the integuments, etc., are not distinguishable from those of other shellfish, does not fall outside of paragraph 721 (e). It is a very specific provision relating to oysters and oyster juice and their combinations, much more specific than shellfish sauce is.

We adhere to the views expressed in our opinion in that case and

hold that appellant has failed to establish that the trial court erred in overruling the protest, and holding that the merchandise here involved was dutiable as assessed by the collector as oyster juice in combination with other substances under paragraph 721 (e), *supra*.

For the reasons stated, the judgment is *affirmed*.